UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

KEIMON CRAYTON,  )
   Plaintiff,  )
     )
vs.  )  Case No. 22-4094
     )
CAMERON GERISCHER, et.al.,  )
   Defendants  )

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for merit review of Plaintiff's allegations. The *pro se* Plaintiff filed his original complaint, followed by two motions for leave to amend. [1, 9, 10]. The Court advised Plaintiff his most recent complaint superseded his previous filings, and therefore the Court would only consider the claims in his second amended complaint. *See* July 25, 2022 Text Order.

The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's second amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff has not used a standard complaint form, but he has listed three Defendants: Former Rock Island County Officers Cameron Gerischer and Jacob Ward, and current Rock Island Sergeant Omelia. Plaintiff says Defendants Gerischer and

1

Ward used excessive force against him at the jail on January 30, 2022. Plaintiff has identified pending Aggravated Battery cases against the two Defendants in Rock Island County Circuit Court. (Sec.Amd.Comp, p. 1, *citing People v. Gerischer*, Case No. 22 CF 147; *People v. Ward*, Case No. 22 CF 146).

Plaintiff now claims the officers' actions also violated his Eighth Amendment rights. (Sec.Amd.Comp., p. 1). It is unclear whether Plaintiff was a pretrial detainee or a convicted prisoner at the time of his allegations and therefore it is unclear whether his claim is pursuant to the Fourteenth Amendment (pretrial detainee) or the Eighth Amendment (convicted prisoner). *See Lewis v. Downey*, 581 F.3d 467, 473 (7th Cir. 2009). Either way, Plaintiff has adequately alleged Defendants Gerischer and Ward violated his constitutional rights based on the use of excessive force.

Plaintiff next claims Defendant Gerischer and Omelia moved Plaintiff into disciplinary segregation "without probable cause" from January 30, 2022 to April 26, 2022. (Sec.Amd.Comp, p. 1). It appears Plaintiff is alleging his placement in disciplinary segregation occurred immediately after the assault and was in violation of his due process rights.

Finally, Plaintiff claims the three Defendants had "been soiling my food with semen and poison" resulting in Plaintiff becoming ill. (Sec.Amd.Comp., p. 10). Plaintiff has adequately alleged a claim pursuant to either the Eighth or Fourteenth Amendment based on tampering with his food. See *Hardeman v. Curran*, 933 F.3d 816, 821 (7th Cir. 2019); *Prindable v. Briggs*, 2022 WL 1541679, at *2 (S.D.Ill. May 16, 2022). Plaintiff must clarify when and how often this occurred during the discovery process.

The Court will order the Clerk to attempt service on the named Defendants before addressing whether this case should be stayed pending the outcome of the state court criminal cases. "Parallel civil and criminal proceedings create the possibility of inconsistent rulings." *Rankins v. Winzeler*, 2003 WL 21058536, at *6 (N.D. Ill. May 9, 2003); *see also Wallace v. Kato*, 549 U.S. 384, 393-94 (2007).

IT IS THEREFORE ORDERED:

1) Pursuant to its merit review of the Second Amended Complaint under 28 U.S.C. § 1915A, the Court finds the Plaintiff alleges: a) Defendants Gerischer and Ward violated Plaintiff's constitutional rights based on the use of excessive force on or about January 30, 2022; b) Defendants Gerischer and Omelia violated Plaintiff's due process rights when he was moved into disciplinary segregation from January 30, 2022 to April 26, 2022; and c) Defendants Gerischer, Ward, and Omelia violated Plaintiffs' constitutional rights when they tampered with Plaintiff's food causing him to become ill. The claims are stated against the Defendants in their individual capacities only. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as

premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from service to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of

those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' Counsel.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Grant Plaintiff's Motion for Leave to File a Second Amended Complaint pursuant to Federal Rule of Civil Procedure 15. [10]; 2) Attempt service on Defendants pursuant to the standard procedures; 3) Set an internal court deadline 60 days from the entry of this order for the court to check on the status of service and enter scheduling deadlines; and 4) Enter the Court's standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

ENTERED this 19th day of October, 2022.

s/ James E. Shadid

_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE